```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
 _____
                                       )
LISA M. PERROTTA,                      )
                                       )
          Plaintiff,                   )   CIVIL ACTION
                                       )   NO. 14-10253-WGY
          v.                           )
                                       )
DR. OSSER, et al.,                     )
                                       )
          Defendants.                  )
                                       )
 _____ )
                                       )
LISA M. PERROTTA,                      )
                                       )
          Plaintiff,                   )
                                       )
          v.                           )   CIVIL ACTION
                                       )   NO. 14-11301-WGY
LINDA MAGEE, et al.,                   )
                                       )
          Defendants.                  )
                                       )
 _____ )
```

MEMORANDUM AND ORDER

YOUNG, D.J.                                    September 26, 2014

For the reasons set forth below, the Court grants the plaintiff's motions for leave to proceed in forma pauperis and directs the plaintiff to provide information about her capacity to sue.

**I.   Background**

Before the Court are two pleadings filed by pro se litigant Lisa M. Perrotta. In Perrotta v. Osser, C.A. No. 14-10253-WGY, Perrotta filed an amended complaint that is 117 pages long, typed, single-spaced, and contains 1006 numbered paragraphs. She claims that physicians at various hospital and the Department of Mental Health, counseling services, and the Norfolk District

Attorney's Office wrongly had her committed and fabricated charges of criminal conduct.[1] In Perrotta v. Magee, C.A. No. 14-11301-WGY, the plaintiff claims that three private individuals wrongly characterized her as "delusional," which led to the commitments at issue in Perrotta v. Osser.

The plaintiff filed a motion for appointment of counsel in Perrotta v. Osser (docket entry #3). In this motion, she alleges that her doctors and one of the defendants in Perrotta v. Magee conspired to have a guardianship placed on her. In her supplement to the motion (docket entry #5), she makes several references to a guardian. Perrotta states that her property "remains under guardianship"; she "needs more immediate relief from Guardianship matter"; she "is aware that [her] guardianship attorney became aware of [her] circumstance." These references suggest that the plaintiff currently has a legal guardian.

Perrotta seeks leave to proceed in forma pauperis in both cases. In the in forma pauperis motion she filed in Perrotta v. Magee, she represents that a guardian is holding some of her assets.

**II. Discussion**

    **A.    Motions for Leave to Proceed In Forma Pauperis**

---

[1] The Court notes that the plaintiff raised similar allegations, albeit in a much more abbreviated form, in Perrotta v. Grey, C.A. No. 05-11926-NG (D. Mass.). This case was dismissed on May 26, 2006 after the plaintiff failed to respond to an order requiring her to show cause why the action should not be dismissed for lack of subject matter jurisdiction. See id. (docket entries ##36, 39).

2

Upon review of the motions for leave to proceed in forma pauperis, the Court concludes that the plaintiff has sufficiently demonstrated that she is without income or assets to pay the $400 filing fee in each case. Accordingly, the motions are granted.

**B.  Capacity to Sue**

Because Perrotta has suggested that she is under a guardianship, the Court must consider whether she has legal capacity to bring this action. The capacity of an individual to bring suit in federal court is determined by the law of the individual's domicile. See Fed. R. Civ. P. 17(b)(1). Under Massachusetts law, an incompetent or incapacitated person cannot litigate an action pro se; her guardian other representative must sue on her behalf. See Mass. R. Civ. P. 17(b). If she does not have a legal representative, she may sue by her next of friend or a guardian ad litem. See id.

Thus, if the plaintiff has a legal guardian, she lacks capacity to sue in this Court. Although Rule 17(c) of the Federal Rules of Civil procedure does give a federal court "power to authorize someone other than a lawful representative to sue on behalf of an infant or incompetent person where that representative is unable, unwilling or refuses to act or has interests which conflict with those of the infant or incompetent," Sam M. ex rel Elliott v. Carcieri, 608 F.3d 77, 85 (1st Cir. 2010) (quoting Ad Hoc Comm. of Concerned Teachers v. Greenburgh No. 11 Union Free Sch. Dist., 873 F.2d 25, 29 (2d

Cir.1989)), the Court declines to take such action in light of the absence of any information about the plaintiff's guardian, his knowledge of these lawsuits, and his reasons for not bringing these lawsuits on Perrotta's behalf. For the same reason, the Court denies the plaintiff's motion for appointment of counsel.

**C.   Screening of the Complaint**

Where, as here, a plaintiff is allowed to proceed without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915. This statute authorizes a federal court to dismiss a complaint sua sponte if the claims therein are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

Further, a court has an obligation to inquire sua sponte into its own subject matter jurisdiction. See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004). Federal district courts may exercise jurisdiction over civil actions arising under federal laws, see 28 U.S.C. § 1331, and over certain actions in which the parties are of diverse citizenship and the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

In conducting this review, the Court liberally construes the complaints because the plaintiff is proceeding pro se. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

### 1. Rule 8 of the Federal Rules of Civil Procedure

To state a claim for relief, a complaint must, in compliance with Fed. R. Civ. P. 8(a)(2), include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At a minimum, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir. 2006) (quoting Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 66 (1st Cir. 2004)). This means that the statement of the claim must "at least set forth minimal facts as to who did what to whom, when, where, and why." Id. (quoting Educadores, 367 F.3d at 68).

Further, the plaintiff's obligation to provide the grounds of his claim "requires more than labels and conclusions." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A court is not "bound to accept as true a legal conclusion couched as a factual allegation." Id. (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)). Further, "only a complaint that states a plausible claim for relief" states a claim upon which relief may be granted. Ashcroft v. Iqbal, 556 U.S. 662, 679 (emphasis added). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the

complaint does not show that "the pleader is entitled to relief." Id. (quoting Fed. R Civ. P. 8(a)(2) in second quotation).

Here, the amended complaint in Perrotta v. Osser does not meet the pleading requirements of Rule 8(a). As a threshold matter, it is not "short." It is excessively long and needlessly repetitive. Despite its length, it fails to provide set forth a plausible claim for relief because the plaintiff's allegations are largely conclusory and not supported by adequate references to specific actionable conduct. To the extent a viable claim may be stated somewhere in the amended complaint, neither the Court nor the defendants are required to sift out the purely conclusory claims from those for which an adequate factual foundation might be set forth.

### 2. Subject Matter Jurisdiction

Assuming, without deciding, that the complaint in Perrotta v. Magee satisfies the Rule 8(a) pleading requirements, there is a lack of subject matter jurisdiction. The parties are all residents of Massachusetts and the plaintiff has not identified, nor can the Court discern, and cause of action arising under federal law against these private parties.

**III. Conclusion**

Accordingly:

1. The motions for leave to proceed in forma pauperis filed in both cases are GRANTED.

2. The motion for appointment of counsel in Perrotta v.

Osser is DENIED WITHOUT PREJUDICE.

3.   If the plaintiff wishes to pursue either action, she must, within thirty-five (35) days of the date of this order notify the Court whether she has a legal guardian. If she does have a legal guardian, she must provide the guardian's name and inform the Court whether the guardian is an attorney.

4.   Once the plaintiff has informed the Court whether she has a guardian, the Court will set any needed deadlines in regards to showing cause why these actions should not be dismissed for failure to state a claim upon which relief may be granted and for lack of subject matter jurisdiction.  Summonses shall only issue upon order of the Court.


SO ORDERED.

                                                            /s/ William G. Young
                                                            WILLIAM G. YOUNG
                                                            UNITED STATES DISTRICT JUDGE